[No. 19861. Department One. September 1, 1926.]

THE MUTUAL BENEFIT LIFE INSURANCE COMPANY, *Plaintiff*, v. JESSIE C. LUNDQUIST *et al.*, *Respondents*, VERNITA S. LUNDQUIST *et al.*, *as Administratrix of the Community Estate of Morris A. Lundquist, Deceased, Appellants.*[1]

[1] HUSBAND AND WIFE (54)—PROPERTY PURCHASED—ON CONSIDERATION OR SECURITY OF SEPARATE PROPERTY. The evidence sustains findings that premiums of insurance policies were paid by the husband from his separate estate, where it appears that they were received from a corporation which was his separate property, and charged to him on the books of the company, and that his salary, as president of the corporation, was insufficient to pay the sums charged to him for household expenses.

[2] SAME (54)—LIFE INSURANCE. The funds arising from a policy on the life of a spouse belong to his separate estate, where the premiums were paid from his separate property.

Appeal from a judgment of the superior court for King county, Ronald, J., entered October 20, 1925, upon findings in favor of certain defendants, in an action of interpleader, tried to the court. Affirmed.

[1]Reported in 248 Pac. 808.

*Grinstead, Laube & Laughlin* and *R. John Lichty,* for appellants.

*Carkeek, McDonald, Harris & Coryell,* for respondents.

Fullerton, J.—This is a controversy over the proceeds of certain life insurance policies.

On May 8, 1914, one Morris A. Lundquist took out two life insurance policies in the Mutual Benefit Life Insurance Company of Newark, New Jersey, for the sum of $1,000 each, in the first of which he named his sister Jessie C. Lundquist as the beneficiary, and in the second his mother, Louise S. Richardson. On October 5, 1922, he took out three additional policies in the same company, the first for the sum of $3,000, in which he named both his sister and mother as the beneficiaries; the second for the sum of $12,500, in which he named his sister as the beneficiary, and the third for the sum of $12,500, in which he named his mother as the beneficiary. On October 28, 1922, Lundquist intermarried with Vernita Swezea. Either just before, or just after, his marriage, the record not being definite as to the date, he took out additional policies in his wife's favor, the amounts of the policies totalling $23,-000. Each and all of the policies were in good standing at the time of his death, which occurred on March 8, 1925.

From the time of the issuance of the first of the policies, until the time of his death, Lundquist was a stockholder in and the president of a corporation known as Lundquist-Lilly. The premiums on all of the policies were paid by that corporation and charged on the books thereof to Lundquist. He drew, at the same time, a salary therefrom of $700 per month.

On the death of Lundquist, the insurance company paid to the wife the sums then due on the policies in

her favor, and recognized its liability on the policies in favor of the sister and mother. The wife, however, made claim to an interest in the policies, which claim was disputed by the sister and mother. The insurance company, not caring to take upon itself the burden of determining the dispute, brought the present action in the superior court of King county in which it named the sister, mother and wife of Lundquist as defendants, paid the sums due upon the policies into the registry of the court, and asked that the court determine the rights of the parties thereto. The defendants interpleaded in the action, and set up their respective claims to the fund. After a trial of the issues formed by the pleadings of the interpleaders, the trial court determined that the fund belonged to the sister and mother, and that the wife was without interest therein. From the judgment evidencing the conclusion of the court, the wife appeals.

[1] The appellant contends that the premiums becoming due on the policies after her marriage with the assured were paid from the community funds of herself and her husband, and that she has, in virtue of this fact, a right to the entire fund, or, at least, a right therein measured by the proportion the premiums paid subsequent to the time of her marriage with the assured bear to the entire sums paid as premiums on the policies. But it is not our opinion that the evidence sustains the claim that any part of the premiums paid on the policies came from the community funds of the appellant and the assured. As we have said, they were actually paid by the corporation, and the evidence, to our minds, all but conclusively shows that they were either paid from sums which belonged to the assured as dividends upon his stock in the corporation, or from sums he was allowed to draw in excess of his just share of the dividends. This, from whichever of the sources

it came, was the separate property of the assured. It was his to divert as he pleased, and if he chose to expend it in premiums upon life insurance in favor of his sister and mother, the appellant has no legal cause of complaint. We cannot follow the appellant in her contention that the premiums were paid from the salary of the assured as president of the corporation. There was an intermingling of funds, it may be true, but the evidence clearly shows that the sums the assured drew from the corporation and paid in household expenses exceeded his salary, and that no part of the premiums could have come from that source, either those paid on the policies in favor of the sister and mother or those paid on the policies in favor of the appellant.

[2] We have thus found it unnecessary to follow counsel in the interesting questions they have discussed in their arguments based upon a different view of the facts. Since we find that the premiums were paid from the separate funds of the assured, the question of community interest does not arise. Unquestionably, we think, the fund arising from a policy on the life of a spouse where the premiums are paid from the separate property of the insured spouse belong to the beneficiary named in the policy and not to the community composed of the spouses.

The judgment of the trial court was right, and it will stand affirmed.

Tolman, C. J., Bridges, and Askren, JJ., concur.